J-S23044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          :           PENNSYLVANIA
                                          :
              v.                               :
                                          :
                                          :
TELLY MONTEZ THORPE           :
                                          :
               Appellant                :    No. 3420 EDA 2017

Appeal from the PCRA Order September 21, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000104-2014

BEFORE:   SHOGAN, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:            **FILED JUNE 04, 2018**

Appellant, Telly Montez Thorpe, appeals from the order entered in the Court of Common Pleas of Delaware County dismissing his first petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546, as untimely. Herein, Appellant contends his patently untimely petition qualified for merits review under an exception to the PCRA's timeliness requirement. We affirm.

The PCRA aptly summarizes the pertinent facts and procedural history of the case, as follows:

> Appellant entered into a negotiated guilty plea on September 23, 2014, to two counts of robbery, a felony of the first degree. Pursuant to the plea, he was sentenced to an aggregate sentence of 60 to 120 months of incarceration, with credit for time served from 12/6/13 to 9/23/14. Appellant did not file an appeal.
>
> . . .

_____
*   Former Justice specially assigned to the Superior Court.

[Appellant] claims that in the spring of 2016, he requested through his unit counselor, Ms. Krug, to find out when he would be paroled because his 2 ½ years were served on or about June 6, 2016. [It was then, Appellant says, he learned for the first time that he was not eligible for parole after 2 ½ years' incarceration under his plea agreement.]

On March 24, 2016, Appellant filed a petition pursuant to the [PCRA] . . . . PCRA counsel was appointed and counsel filed an amended PCRA petition on January 4, 2017. Following a hearing on this motion, [the PCRA] court ultimately concluded that the Appellant was not entitled to relief and denied his motion by Order on September 21, 2017.

PCRA Court Opinion, filed 12/28/17, at 1, 5.

This timely appeal followed. Appellant presents the following questions for our review.

> I. WHETHER THE PCRA COURT ERRED IN DENYING APPELLANT'S PCRA PETITION WHERE THE RECORD CLEARLY SHOWS IT WAS TIMELY FILED PURSUANT TO 42 PA.C.S. [§§] 9545(b)(1)(ii) AND (b)(2) BECAUSE IT WAS FILED WITHIN 60 DAYS OF THE TIME THAT APPELLANT LEARNED THAT HE WOULD NOT BE PAROLED AFTER 2 ½ YEARS AND THIS FACT COULD NOT HAVE BEEN ASCERTAINED BY THE EXERCISE OF DUE DILIGENCE.
>
> II. WHETHER THE PCRA COURT ERRED IN DENYING APPELLANT'S PCRA PETITION WHERE THE RECORD CLEARLY SHOWED THAT COUNSEL WAS INEFFECTIVE FOR INDUCING APPELLANT TO ENTER A GUILTY PLEA BASED ON COUNSEL'S ERRONEOUS ADVICE THAT APPELLANT WOULD BE PAROLED AFTER 2 ½ YEARS IF HE ENTERED A NEGOTIATED GUILTY PLEA TO [A] NON-MANDATORY SENTENCE OF 5 TO 10 YEARS, AND APPELLANT WAS PREJUDICED BY COUNSEL'S INEFFECTIVENESS?

Appellant's brief, at 4.

This Court's standard of review regarding an order dismissing a PCRA petition is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. **Commonwealth v. Burkett**, 5 A.3d 1260, 1267 (Pa.Super. 2010) (citations omitted). "In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Id.**

**Commonwealth v. Brandon**, 51 A.3d 231, 233 (Pa.Super. 2012).

We first examine whether Appellant timely filed the petition under review, as this question implicates our jurisdiction. Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature." **Chester**, 895 A.2d at 522. Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. **See Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003).

Instantly, Appellant was sentenced on September 23, 2014. Because he did not file a post-sentence motion or direct appeal, his judgment of sentence became final on October 23, 2014. **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903. Thus, Appellant had until October 23, 2015, to file timely a PCRA petition. He did not do so, as he filed the present petition on March 24, 2016.

Accordingly, Appellant had to plead and prove that his petition met one of the following exceptions to the timeliness requirement:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). A PCRA petition invoking one of these statutory exceptions "must be filed within sixty days of the date the claim could first have been presented." 42 Pa.C.S. § 9545(b)(2). *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa.Super. 2013).

Appellant alleges he timely filed his petition pursuant to 42 Pa.C.S. § 9545(b)(1)(ii). As stated above, a petitioner satisfies this section by alleging and proving that the factual basis of his claim was previously unknown to him and that he could not have discovered the facts earlier through the exercise of due diligence. *See* 42 Pa.C.S. § 9545(b)(1)(ii); *Commonwealth v. Huddleston*, 55 A.3d 1217, 1220 (Pa.Super. 2012). "Due diligence demands that the petitioner take reasonable steps to protect his own interests." *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa.Super. 2010). As such, a petitioner must provide reasons for why, through the exercise of due

diligence, he did not discover the facts earlier. *Id.* "This rule is strictly enforced." *Id.*

Upon review, we conclude Appellant has failed to meet his burden to establish that the exception at section 9545(b)(1)(ii) applies to his case. Appellant alleges he is entitled to PCRA relief because he entered an unknowing plea, induced by counsel's failure to explain that the "non-mandatory" five to ten year sentence to which he agreed in exchange for his plea did not mean he would be eligible for parole sooner than the five-year minimum sentence imposed. To the extent, therefore, that Appellant offers as his "newly discovered fact" plea counsel's alleged ineffective failure to advise him properly of parole eligibility, his position is unavailing. *See Commonwealth v. Bennett*, 930 A. 2d 1264 (Pa. 2007) (holding ineffective assistance claim may not be relied upon to circumvent PCRA timeliness requirement unless counsel effectively abandoned client during representation); *Commonwealth v. Perrin*, 947 A.2d 1284, 1287 (Pa.Super. 2008) ("Our Supreme Court has made clear that the section 9545(b)(1)(ii) exception will not apply to alleged ineffective assistance of counsel claims, even if the claims were not knowable until advised of their existence by present counsel.").

Given the above, we conclude Appellant has failed to meet his burden to plead and prove that his patently untimely petition should be treated as timely pursuant to section 9545(b)(1)(ii). Accordingly, the PCRA court committed no error in dismissing Appellant's petition as untimely filed.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/4/18